## CIRCUIT COURT OF ESSEX COUNTY

Commonwealth of Virginia

v.

Burnell Winifred Lewis

July 1, 1989

By JUDGE JOSEPH E. SPRUILL, JR.

This case involves the constitutionality of a roadcheck established by Troopers Allen and Miller of the Virginia State Police on September 21, 1988. On this date, Burnell W. Lewis was stopped and found to be an habitual offender.

Defense counsel has attacked the validity of the roadcheck and cites *Simmons v. Commonwealth*, 238 Va. 200 (1989), decided by the Supreme Court of Virginia on June 9, 1989, to support his position.

The Court believes that there are significant differences between *Simmons* and the instant case.

In *Simmons*, the Supreme Court noted that the troopers established the checkpoint without any prior directions from their superiors and without an existing plan. There, the trooper testified that troopers have *total* discretion regarding where and when they would set up the roadblock.

A roadcheck established and conducted pursuant to the unfettered discretion of the police was found in *Simmons* to be constitutionally impermissible. To avoid unconstitutional infringements on privacy, "the roadblock must be carried out pursuant to a plan or practice which is explicit, contains neutral criteria, and limits the conduct of the officers undertaking the roadblock." The issue here is whether the roadblock in question meets these standards.

A plan clearly was in effect at the time Lewis was stopped. Commonwealth's Exhibit No. 2 is an explicit state-

ment of policy and procedures for the conduct of traffic checking details by members of the Department of State Police. Defendant's Exhibit No. 1, introduced at a suppression hearing on May 16, 1989, designates locations approved for checkpoints. Although the site of the checkpoint in question was not specifically at a location mentioned in this exhibit, the site was within one-half mile and across the highway from a designated site. The site appears to comply with the criteria set forth in the general plan, regarding visibility, parking space, etc. Trooper Allen testified that the Area First Sergeant requires that any trooper working three consecutive days at some point during that period conduct a roadcheck.

The Court finds that the discretion of the officers in setting up and conducting the roadcheck is limited by the plan and policies of the Area First Sergeant. The only departure here is that the checkpoint was not precisely at a previously approved location. It is noted, however, that the plan provides that sites may be added to or deleted from the approved list upon the recommendation of the Area First Sergeant, and Trooper Allen testified that sites are continually being added or deleted. Defendant's Exhibit No. 5 is a photo of the area in which the checkpoint was located. At this point the highway is level, visibility is excellent for a considerable distance, and there is an ample shoulder to provide parking as needed.

In summary, the Court is of the opinion that the *Simmons* case should not be interpreted to hold that a checkpoint established and conducted under circumstances appertaining here is unconstitutional. Therefore, this Court holds that the checkpoint was a valid exercise of police authority, properly established and conducted.